IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RICHARD L. GATHERCOLE,**

    Petitioner,

v.                                            Civil Action No. **3:22CV384**

**UNITED STATES OF AMERICA,** *et al.***,**

    Respondents.

## MEMORANDUM OPINION

Richard L. Gathercole, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 4.)[1] For the reasons set forth below, the § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

### I. Procedural History

Gathercole pled guilty to bank robbery, carjacking, and brandishing a firearm during a crime of violence in the United States District Court for the District of Nebraska ("Sentencing Court"). *See United States v. Gathercole*, 795 F. App'x 985, 986 (8th Cir. 2020). On June 6, 2019, Gathercole was sentenced to 420 months of incarceration. *Gathercole*, No. 4:17CR3096–001 (D. Neb. June 6, 2019); (ECF No. 87, at 2). On March 3, 2020, the United States Court of

---

[1] The statute provides, in pertinent part:

> **(c)** The writ of habeas corpus shall not extend to a prisoner unless--
> **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

Appeals for the Eighth Circuit affirmed his conviction and sentence. *Gathercole*, 795 F. App'x at 986. By Memorandum and Order entered on November 30, 2020, the Sentencing Court denied Gathercole's motion to vacate under 28 U.S.C. § 2255. *Gathercole*, No. 4:17CR3096–001 (D. Neb. Nov. 30, 2020); (ECF No. 145). In denying Gathercole's claims, the Court noted as follows:

> When one weeds through the prolix and frivolous filing in this court and the Court of Appeals, Gathercole, sometimes known infamously and nationally as the "AK 47 bandit," mainly asserts that his counsel was ineffective and a "global" settlement that called for dismissal of a California case was not complied with by the government. Nonsense.
> First, any fair reading of the record shows that his counsel was effective and did a terrific job for him particularly understanding that the case was indefensible. Second, the government represented that the California case has been dismissed and has submitted evidence to prove it. Any other claims are of the make-weight variety and are barred by the collateral attack waiver in the plea agreement.

*Id.* at 1 (internal citations omitted). The Eighth Circuit denied a certificate of appealability and dismissed Gathercole's appeal. *Gathercole v. United States*, No. 20–3590, 2020 WL 2576635, at *1 (8th Cir. Feb. 8, 2021.)

In his present § 2241 Petition, Gathercole contends that 28 U.S.C. § 2255 is unconstitutional and that the Sentencing Court and the Eighth Circuit unfairly denied his § 2255 motion and appeal of that motion. (ECF No. 4, at 6–8 (as paginated by CM/ECF).)[2] As discussed below, this Court lacks jurisdiction to entertain these claims.

---

[2] By Memorandum Order entered on June 8, 2022, the Court required Gathercole to file his § 2241 petition on the standardized form. At that time, the Court warned Gathercole:

> To the extent that Petitioner wishes this Court to review the United States District Court for the District of Nebraska's and the United States Court of Appeals for the Eighth Circuit's denial of his 28 U.S.C. § 2255 motion and appeal of that motion, this Court may not do so. Any challenge to the denial of his § 2255 motion or his appeal, must be filed in the District of Nebraska or the Eighth Circuit.

(ECF No. 3, at 2 n.1.) Clearly, Gathercole failed to heed the Court's explicit warning when he completed and returned the standardized form.

2

## II. Analysis

### A. Law Governing § 2241 Petitions

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit has explained:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct

---

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).[4]

### B. This Court Lacks Jurisdiction Over Gathercole's Claims

Gathercole challenges the legality of 28 U.S.C. § 2255 and the Sentencing Court's and Eighth Circuit's dismissal of his § 2255 motion and subsequent appeal.[5] These claims make little sense in the context of § 2241 because clearly § 2241 is an inappropriate procedural vehicle for bringing these claims. Gathercole fails to show that, subsequent to his direct appeal, the substantive law has changed so his various convictions are no longer a crime, as he must to bring his claims under § 2241. *In re Jones*, 226 F.3d at 333–34. Accordingly, Gathercole cannot proceed under 28 U.S.C. § 2241. The action will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

### III. Conclusion

Gathercole's request to proceed *in forma pauperis* (ECF No. 2) will be GRANTED. Gathercole's § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Gathercole's Motion for Bail (ECF No. 10) during the pendency of his § 2241

---

[4] Because Gathercole is not specifically challenging his sentence, the Court utilizes the longstanding test in *In re Jones*, not the more recent test utilized in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), which announced an expanded test for inmates challenging their sentence.

[5] Gathercole cites a variety of cases and statutes in the statement of his claims. Because this Court simply lacks jurisdiction to hear his § 2241 Petition, the Court need not examine these claims in detail.

Petition will be DENIED. Gathercole's Motion to Leave to Amend (ECF No. 12) will be GRANTED to the extent that the Federal Bureau of Prisons is added as a Respondent.

An appropriate Final Order shall accompany this Memorandum Opinion.

Date: 9/19/2022
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge