IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RICHARD L. GATHERCOLE,**

        **Petitioner,**

v.                                            **Civil Action No. 3:22cv384**

**UNITED STATES OF AMERICA,** *et al.*,

        **Respondents.**

## MEMORANDUM OPINION

Richard L. Gathercole, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition"). (ECF No. 4.)[1] By Memorandum Opinion and Order entered on September 19, 2022, the Court dismissed the § 2241 Petition without prejudice because the Court lacked jurisdiction to entertain such a petition. (ECF Nos. 13, 14.) The matter is now before the Court on Gathercole's motion filed on September 29, 2022, that will be construed as a motion under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). (ECF No. 15.)[2] *See MLC*

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—

    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

[2] The Court employs the pagination assigned to Gathercole's submissions by the CM/ECF docketing system.

*Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Gathercole does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. However, Gathercole argues that Court's dismissal of his § 2241 Petition was a "mistake," (ECF No. 15, at 2), and presumably, that the Court had jurisdiction to review his petition, (ECF No. 15, at 3). Thus, the Court construes Gathercole's Rule 59(e) Motion to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Hutchinson*, 994 F.2d at 1081 (citations omitted). Nevertheless, Gathercole's Rule 59(e) Motion fails to put forth any persuasive reason why the Court had jurisdiction to review his § 2241 Petition. Instead, the Rule 59(e) Motion simply recites law that has little to no bearing on the Court's conclusion that it lacked jurisdiction to entertain Gathercole's § 2241 Petition.[3] (ECF No. 15, at 4.)

---

[3] For example, Gathercole contends that the Court's dismissal of his petition "would constitute a prohibited suspension of the writ" and that the Court dismissed the petition "without

2

Gathercole fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice. Therefore, Gathercole fails to demonstrate any of the three grounds for Rule 59(e) relief. Accordingly, the Rule 59(e) Motion will be DENIED. (ECF No. 15.)

Gathercole has also filed several other motions. First, Gathercole filed a Motion for Bail. (ECF No. 23.) Gathercole fails to identify any persuasive reason why this Court could, or should, release him on bail. Thus, the Motion for Bail will be DENIED. (ECF No. 23.)

Second, Gathercole filed a Motion for the Appointment of Counsel. (ECF No. 24.) No constitutional right to have appointed counsel in post-conviction proceedings exists. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). Gathercole fails to demonstrate that the interests of justice warrant the appointment of counsel at this juncture. Accordingly, Petitioner's Motion for the Appointment of Counsel will be DENIED. (ECF No. 24.)

Finally, Gathercole filed a request for an *ex parte* communication with the undersigned to discuss "adjudicating [his Rule 59(e)] motion within a reasonable time." (ECF No. 26.) As the Court has now addressed Gathercole's pending motion and Gathercole offers no persuasive reason why the Court should discuss this matter *ex parte* with him, (a request this Court does not undertake with any party), Gathercole's request will be DENIED. (ECF No. 26.)

An appropriate Final Order shall issue.

Date: 12/13/2022
Richmond, Virginia

/s/ MHL
M. Hannah Lauck
United States District Judge

---

consideration of equities," and that the dismissal was not a "satisfactory conclusion." (ECF No. 15, at 4.)

3